[No. 14381.   Department Two.— February 10, 1892.]

F. A. EBEL ET AL., RESPONDENTS, v. L. C. CHANDLER, APPELLANT.

VENDOR AND PURCHASER — ASSUMPTION OF MORTGAGE — REDEMPTION — DEED UNDER FORECLOSURE — ASSUMPSIT — MONEY PAID. — Where the vendor of land agreed with the purchasers to pay a mortgage upon it, and, after a sale under foreclosure, agreed to redeem it, but failed to comply with either agreement, and the purchasers thereupon, with his consent and under his promise that they should lose nothing, and that he would make it good, arranged to have a sheriff's deed executed under the foreclosure sale, and to take a conveyance thereunder from the agent

of the mortgagee who purchased at the sale, upon payment to him of the amount required for redemption, the arrangement must be considered as, in effect, a redemption of the property, and the payment as made for the use of the original vendor, and not for the use of the grantee of the sheriff's deed, and the purchasers may recover from the original vendor the amount so paid, as money laid out and expended for his use at his special instance and request, which he promised to repay to them.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order denying a new trial.

The facts are stated in the opinion.

*George A. Blanchard,* for Appellant.

*F. D. Ryan,* and *Johnson, Johnson & Johnson,* for Respondents.

FITZGERALD, C. — This action was brought to recover the sum of $2,914, for money alleged to have been laid out and expended by plaintiffs for and on behalf of defendant, at the defendant's special instance and request, and which he promised to repay to plaintiffs.

A demurrer was interposed to the complaint, which was properly overruled, and thereupon defendant answered by a general denial. Plaintiffs had judgment, and defendant appeals from the judgment and the order denying his motion for a new trial.

The facts are, substantially, as follows: On December 29, 1884, plaintiffs purchased of defendant certain land, and received from him a grant deed therefor. The land was at the time encumbered by a mortgage, executed by the defendant to one Margaret Poorman, which he agreed with plaintiffs to pay and discharge. This he failed to do, and the mortgage, which embraced other lands belonging to the defendant in the city and county of Sacramento, was subsequently foreclosed in an action brought by the mortgagee against the defendant, and upon the decree of foreclosure therein rendered, an order of sale was duly issued, and the land advertised to be sold on the twenty-sixth day of November, 1887. The sale was afterwards postponed to December 10,

1887, by direction of the mortgagee's attorney, at the request of the defendant, and upon his agreeing, in writing, to the effect that if the sale was postponed, " he would endeavor to raise the money and pay off the judgment."

The defendant having failed to comply with his agreement, the land was sold on said last-mentioned date by the sheriff, under said order of sale, to one Edward McGary, a brother-in-law of Poorman.

Plaintiffs, at different times subsequent to the day of sale, called on the defendant, and urged him to pay the money and redeem the property, which he agreed to do; and on the day before the time for redemption expired, they called to see him, and told him that as he had not paid the money and redeemed the property, as he had agreed with them to do, that they would have to protect themselves by raising the money and redeeming the property, to which he responded, "All right."

The land, which was unimproved at the time of the purchase, was thereafter greatly enhanced in value by plaintiffs setting it out in orchard and vineyard and fencing it, and by the erection of a house and other valuable improvements thereon.

It was understood and agreed between plaintiffs and McGary (who appears to have been merely the representative of and acting in the interest of the mortgagee) and their attorneys, upon whose advice it appears they acted, that plaintiffs would be best protected by the sheriff executing a deed to McGary, and for McGary to make a deed to them. Defendant, when informed by plaintiffs' attorney of the foregoing agreement, responded, " It will be all right. They shall not lose anything; I will make it good."

Afterwards, in pursuance of said agreement, the sheriff executed a deed of said land to McGary, and thereafter McGary, upon the payment to him by plaintiffs of the sum of $2,914, executed a deed thereof to plaintiffs.

The contention that " plaintiffs paid their money to McGary for *his* use, and as McGary had no claim on the

defendant, it relieved the defendant from no liability, and could not be said to be money paid to his use," is not well founded, for the reason that the land was sold under the decree of foreclosure to pay the defendant's debt, and the payment of the money by plaintiffs to Mc-Gary, under the agreement referred to, was, in effect, a redemption of the property, and was a payment to that extent of said judgment or decree against the defendant, and as it was paid at the defendant's special instance and request, for his use and benefit, upon an express promise by him to repay it to plaintiffs, they are entitled to recover of defendant the money so laid out and expended.

Nor is there any foundation for the claim made by appellant that defendant's liability to plaintiffs arose under the covenant of quiet enjoyment implied in his deed, and that his liability was only the purchase price received by him, which was $777.

Upon the facts stated, there is nothing to justify the claim that this action was brought to recover damages for breach of the covenant implied in the deed, in which case the measure of damages would be the purchase price paid for the property, but was brought, as we have before stated, for the recovery of money laid out and expended by plaintiffs for the use and benefit of the defendant at his special instance and request, which he promised to repay to plaintiffs.

The purchase price paid by plaintiffs for the land is not sought to be recovered in this action.

The judgment and order should be affirmed, and we so advise.

VANCLIEF, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.